UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD AMUM'RA BEY                                                                                   PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:22-cv-279-DPJ-FKB

DENNIS SWEET & ASSOCIATES, ET AL.                                                      DEFENDANTS

REPORT AND RECOMMENDATION

On May 26, 2022, Plaintiff Richard Amum'Ra Bey filed this *pro se* action [1] along with a Motion for Leave to Proceed *in forma pauperis* [2].  The next day, the Court entered an order [3] noting that Plaintiff failed to complete the appropriate long form application and setting a deadline of June 21, 2022, for Plaintiff to either file a completed long form application for leave to proceed *in forma pauperis* or pay the required filing fee of $402.00. *See* 5/27/2022 Order [3].

On June 2, 2022, Plaintiff subsequently filed a long form application but did not properly complete the form. *See* [4].   Therefore, the Court issued an order finding that the application was incomplete due to Plaintiff's indicating in response to all numbered inquiries, except those in sections 11 and 12, that the information requested in the application is "not applicable." *See* 6/3/2022 Order [6].   The Court also observed that Plaintiff did not answer item number 12 at all. *Id.*   Accordingly, the Court set a deadline of June 30, 2022, for Plaintiff to either file a completed long form application or pay the required filing fee.  *Id.*

On June 14, 2022, Plaintiff filed his third application for leave to proceed *in forma pauperis*. *See* [7].   As with the second application [4], Plaintiff responded to all numbered inquiries, except those in sections 11 and 12, by indicating that the requested information is "not applicable." *See* [7].   The Court issued an order the next day [8] observing that Plaintiff failed to comply with the Court's prior order [6], having again submitted the correct long form application without providing substantive information to complete the application. *See* 6/15/22 Order [8].

1

The Court set a deadline of July 6, 2022, for Plaintiff to either file a completed long form application or pay the required filing fee. *See* [8].

On June 21, 2022, Plaintiff filed his fourth application for leave to proceed *in forma pauperis*. *See* [9]. As with the second [4] and third applications [7], Plaintiff responded to all numbered inquiries, except those in sections 11 and 12, by indicating that the requested information is "not applicable." *See* [9].

Rule 5(a)(2) of the Local Uniform Rules of Civil Procedure provides that "[f]iling fees must be paid to the clerk of court upon filing of each original complaint or petition." L. U. Civ. R. 5(a)(2). Plaintiff has not paid a filing fee and has yet to submit a completed application to proceed *in forma pauperis*, despite three orders ([3], [6], [8]) offering Plaintiff an opportunity to do so. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[1] with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428 29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of July, 2022.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is sufficient to serve Plaintiff with this order. The undersigned's staff shall mail this order to Plaintiff at the last known address provided to the Court, as indicated on the Court's docket.