UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NOTHERN DIVISION

RICHARD AMUM'RA BEY                                                                                       PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 3:22-CV-279-DPJ-FKB

DENNIS SWEET & ASSOCIATES, ET AL.                                                            DEFENDANTS

ORDER

This civil action is before the Court on the Report and Recommendation [11] of United States Magistrate Judge F. Keith Ball. Judge Ball recommended dismissing the case without prejudice based on Plaintiff's failure to pay the required filing fee or file a *complete* in forma pauperis application. Prior to recommending dismissal, Judge Ball gave Plaintiff multiple opportunities to comply; Plaintiff did not. Order [3] (setting June 21, 2022 deadline); Order [6] (setting June 30, 2022 deadline); Order [8] (setting July 6, 2022 deadline).

In response to the R&R, Plaintiff filed an "Affidavit of Fact – Writ of Discovery." Resp. [12] (invoking the Moorish National Republic). But this filing is not responsive to the R&R and does not explain Plaintiff's refusal to comply with Judge Ball's repeated directives to complete the long form application to proceed ifp. Bey's objection is without merit, as this Court has previously found. *See Bey v. Magistrate Steven Boone*, No. 3:21-CV-504-DPJ-FKB, Order [12] (Nov. 10, 2021); *Bey v. United States*, No. 3:21-CV-167-DPJ-FKB, Order [16] (Aug. 19, 2021); *see also El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 550–52 (D.N.J. 2011) (denying a litigant ifp status over objections highly reminiscent of Bey's, finding the litigant's filings to be "entirely silent as to Plaintiff's ability to pay the required fees"); *Gooden-El v. Tarrant County*, No. 4:20-CV-116-O, 2021 WL 793758, at *2 (N.D. Tex. Mar. 2, 2021) (compiling cases rejecting Moorish National theories).

A plaintiff wishing to file a civil lawsuit in a federal district court has two options: pay the filing fee or obtain permission to proceed ifp. 28 U.S.C. § 1914(a); *see Cabrera v. U.S. Dep't of Justice*, 537 F. App'x 387, 388 (5th Cir. 2013) ("[A] civil action generally requires a party to pay a filing fee of $350, 28 U.S.C. § 1914, or to proceed IFP under the procedures set out in § 1915(a)."). Bey did neither.

"Rule 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Bey's willful disregard of Judge Ball's instructions is plainly contumacious. *See Webb v. Morella*, 457 F. App'x 448, 452–53 (5th Cir. 2012).

It is, therefore, ordered that the Report and Recommendation of the Magistrate Judge is adopted as the finding of the Court. This case is dismissed without prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2022.

        s/ *Daniel P. Jordan III*
        CHIEF UNITED STATES DISTRICT JUDGE